IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 08-411 |
| | ) |
| ROBERT COLBERT, et al. | ) |

<u>MEMORANDUM AND ORDER OF COURT</u>

On June 8, 2010, this court entered an order in accordance with §230.23.40 of the <u>Guide to Judiciary Policy</u> (the "Guide") designating this case as extended and complex. On June 28, 2010, the court entered an order setting forth the procedures for interim payments that will apply during the course of each defense counsel's representation in this case pursuant to §230.73.10 of the Guide.

Paragraph 1 of the June 28, 2010, Order requires <u>each</u> counsel to submit to the Clerk of Court's Finance office no later than the fifth day of each month, or the first business day thereafter, an interim Form CJA 20 for compensation earned and reimbursable expenses incurred from the first to the last day of the prior month.

The court's June 28, 2010, Order expressly states that "interim vouchers should be submitted in accordance with this schedule <u>even though little or no compensation or expenses are claimed for the respective month</u>." At a status conference held on

August 3, 2010, the court emphasized that <u>each</u> counsel is <u>required</u> to file an interim voucher <u>each</u> month, even if little or no compensation is sought for that month.

On August 18, 2010, this court entered a second order again advising all counsel that the filing of monthly vouchers is **mandatory**, regardless of the amount of work done or compensation sought for a particular month. The court has reiterated that instruction at a number of other status conferences as well as on an individual basis to certain counsel, some more than once.

As of the date of this order, the following attorneys currently are not in compliance with this court's directives:

- Sally A. Frick, Esq. (no vouchers submitted for work performed in March or April of 2011)

- Martin A. Dietz, Esq. (no vouchers submitted for work performed in February, March, or April of 2011)

- Lee Markovitz, Esq. (no vouchers submitted for work performed in February, March or April of 2011)

- James F. Donohue, Esq. (no vouchers submitted for work performed in December of 2010, or January, February, March or April of 2011)

- James J. Brink, Esq. (no vouchers submitted for work performed in February, March or April of 2011)

- Thomas W. Brown, Esq. (no voucher submitted for work performed in April of 2011)

- Steven S. Stallings, Esq. (no vouchers submitted for work performed in November or December of 2010, or January, February, March or April of 2011)

- John A. Halley, Esq. (no vouchers submitted for work performed in March or April of 2011)

2

AO 72
(Rev. 8/82)

Again, the filing of monthly interim vouchers is <u>mandatory</u>, not optional, regardless of the amount of work performed, and this obligation does <u>not</u> cease once an attorney's client enters a plea of guilty.

The aforementioned counsel are directed to file no later than **June 10, 2011**: (1) <u>separate</u> monthly interim CJA 20 vouchers for all compensation requested and expenses incurred during the months they have not submitted vouchers; and, (2) interim CJA 20 vouchers for work performed in May of 2011, if they have not done so by today's deadline. <u>Thereafter, **all** counsel are directed to adhere to the monthly schedule set forth in this court's June 28, 2010, Order until such time as they request their final payment</u>.

An appropriate order will follow.

Dated: June 6, 2011

Gustave Diamond
United States District Judge

AO 72
(Rev. 8/82)

O R D E R

AND NOW, this 6th day of June, 2011, for the reasons set forth above, IT IS ORDERED that no later than **June 10, 2011**, court appointed attorneys **Sally A. Frick, Esq; Martin A. Dietz, Esq.; Lee Markovitz, Esq.; James F. Donohue, Esq.; James J. Brink, Esq.; Thomas W. Brown, Esq.; Stephen S. Stallings, Esq., and John A. Halley, Esq.**, shall file: (1) separate monthly interim CJA 20 vouchers for all compensation requested and expenses incurred during the months they have not submitted vouchers; and, (2) interim CJA 20 vouchers for work performed in May of 2011, if they have not done so by today's deadline; and,

IT FURTHER IS ORDERED that **all counsel shall continue to adhere to the monthly schedule set forth in this court's Order dated June 28, 2010, until such time as they request final payment**.

                                                            */s/ Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Charles A. Eberle
    Assistant United States Attorney

    All defense counsel of record

    Finance Department

AO 72
(Rev. 8/82)